UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLES R. BROWN,

Plaintiff,

v.

ROBERT R. BETTINGER, ESQ., DOES 1-100, ROE CORP/LLCS 1-100,

Defendants.

Case No. 2:15-cv-00331-APG-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(IFP Application – Dkt. #1)

This matter is before the court on Plaintiff Charles R. Brown's Application to Proceed *In Forma Pauperis* (Dkt. #1). Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a Complaint (Dkt. #1-1). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR 1-4.

## I. IN FORMA PAUPERIS APPLICATION (DKT. #1)

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

## II. SCREENING THE COMPLAINT

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A. Plaintiff's Factual Allegations and Claims for Relief**

The Complaint (Dkt. #1-1) alleges that Defendant Robert R. Bettinger, Esq. retained Plaintiff to provide Defendant certain personal services as an independent contractor, including, but not limited to, "law clerk, legal assistant and/or administrative services." *Id*. at 5. Plaintiff alleges that he performed over 3,000 hours of work for Defendant but was not fully compensated. The parties purportedly reached an accord on monthly payments to satisfy the existing amounts due, and Plaintiff continued to provide services. The Defendant later terminated Plaintiff's services and agreed to pay Plaintiff $3,600 in two separate payments of $1,600 and $2,000. *Id*. at 7. Defendant failed to remit payment and Plaintiff alleges that this failure "has contributed to the eviction and/or indigence of the Plaintiff." *Id*. at 8.

Plaintiff also asserts that Defendant's failure to pay him monies owed was in retaliation against him "because the Plaintiff objected to and/or refused to cooperate in the Defendant's unlawful conduct," which is alleged to include embezzling clients' funds and the fraudulent filing of complaints on behalf of clients while Defendant knew that no work would be performed to prosecute the clients' cases. *Id*. at 8–9. Plaintiff claims that Defendant purposefully induced numerous clients—including the Plaintiff himself—into "securing and/or providing" Defendant with funds to prosecute their cases when Defendant knew at the time of the initial engagement that he would not prosecute their cases." *Id*. at 9, 10–14 (providing details of four example cases). When Plaintiff objected to the fraudulent business practices, the Defendant purportedly refused to correct his conduct and threatened Plaintiff. *Id*. at 14–15. Defendant allegedly retaliated against Plaintiff by failing to pay Plaintiff, disclosing personal and confidential information about Plaintiff to clients and the public; and attempting to defame Plaintiff to Defendant's clients so that Plaintiff could not reveal Defendant's fraudulent conduct. *Id*. at 15.

Plaintiff alleges the following claims against Defendant: (1) Violation of 18 U.S.C. § 1343 – Fraud by Wire; (2) Violation of U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.* (the "Act"); (3) Breach of Contract; (4) Breach of Duty of Good Faith and Fair Dealing; (5) Fraud; (6) Intentional Interference With Contractual Relations; (7) Breach of Fiduciary Duty; (8) Abuse of Process; (9) Fraud; (10) Intentional Interference With Contractual Relations.[1] Plaintiff seeks $180,000 in damages.

**B. Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).

[1] Claims nine and ten appear to be duplicative of claims five and six.

For the reasons discussed below, the Court finds the Complaint does not state a proper jurisdictional basis as it fails to state a federal claim upon which relief can be granted and complete diversity of citizenship does not exist.

**C. Analysis**

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Dismissal is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). There are two kinds of subject matter jurisdiction: federal question, 28 U.S.C. § 1331; and diversity of citizenship, 28 U.S.C. § 1332. The complaint alleges the court has jurisdiction under 28 U.S.C. 1332. However, for the reasons explained below neither are present in this action and dismissal is therfore appropriate.

***1. Federal Question Jurisdiction***

Section 1331 gives the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Complaint fails to state a valid federal claim.

**a. <u>Violation of 18 U.S.C. § 1343 – Fraud by Wire</u>**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff's Complaint asserts a claim for fraud by wire in addition to state law claims of fraud. Wire fraud is a federal crime prohibited by 18 U.S.C. § 1343.[2] As a general rule, there is no private right of action

[2] 18 U.S.C. § 1343 provides:

under Title 18 of the United States Code. *Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). Thus, Plaintiff cannot sue Defendant for civil damages for a violation of the wire fraud statute.

**b. <u>Civil Damages for RICO Violation</u>**

The federal RICO Act "prohibits a person employed by or associated with any enterprise engaged in interstate commerce to conduct or participate in the conduct of the enterprise through a pattern of racketeering activity." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1147 (9th Cir. 2008) (citing 18 U.S.C. § 1962(c)).[3] The Act provides a private right of action and civil remedies to redress violations. *See* 18 U.S.C. § 1964(c) (authorizing a civil action by "[a]ny person injured in his business or property by reason of a violation of section 1962"). In order to state a civil RICO claim under § 1964(c), a plaintiff must sufficiently allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quotations omitted).

In this case, Plaintiff's Complaint fails to state a valid RICO claim for multiple reasons. First, Plaintiff has not established standing to sue Defendant as the Complaint fails to allege proximate causation. A plaintiff must establish standing to sue under RICO's private right of action by demonstrating that "that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well'." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010) (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led *directly* to the plaintiff's injuries." *Anza v. Ideal Steel Supply*

---

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

[3] 18 U.S.C. § 1962(c) states: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

*Corp.*, 547 U.S. 451, 461 (2006) (emphasis added). There must be "a direct causal connection between the predicate wrong and the harm." *Hemi Group*, 559 U.S. at 17–18 (citation omitted). "A link that is too remote, purely contingent, or indirect is insufficient." *Id.* at 9 (citation omitted).

Proximate causation is not established in cases where the court would have to engage in a speculative and complicated analysis to determine what amount of damages, if any, are attributable to the underlying fraud versus the RICO predicate acts. *Sybersound*, 517 F.3d at 1148 (quoting *Anza*, 547 U.S. at 459 (rejecting attenuated theory of proximate causation and reasoning that "[b]usinesses lose and gain customers for many reasons")). The Ninth Circuit has developed three non-exhaustive factors to determine whether the proximate causation requirement has been met:

> (1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries.

*Id.* at 1147–48 (quoting *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168–69 (9th Cir. 2002).

Here, Plaintiff has not sufficiently alleged proximate causation to state a valid RICO claim. Plaintiff's injuries represent the amount allegedly due and owing from the parties' contract and/or accord. However, Plaintiff asserts that the predicate RICO act is wire fraud—the Defendant's purported fraud against his clients. Although Plaintiff alleges that Defendant failed to pay him as retaliation for objecting to the fraudulent business practices, this fails to create a direct causal connection because the Defendant's failure to pay Plaintiff could have resulted from numerous factors other than the Defendant's alleged wire fraud. *Id*. (affirming dismissal for a lack of proximate causation because the RICO claim would require speculation about whether damages were attributable to competitive market forces or the RICO predicate acts). Therefore, Plaintiff lacks standing to sue Defendant as his claim fails to allege proximate causation.

Second, Plaintiff has failed to plead wire fraud with particularity. The RICO Act specifically includes wire fraud—a violation of 18 U.S.C. § 1343—as a "racketeering activity." *See* 18 U.S.C. § 1961(1)(B). Because RICO claims involve underlying fraudulent acts, they are subject to Rule 9(b)'s heightened pleading standard. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Accordingly, to sufficiently plead their RICO claim, plaintiffs must specify the time, place, and content of the alleged underlying fraudulent acts, as well as the parties involved and their individual participation. *Edwards*, 356 F.3d at 1066; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under § 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme). Here, Plaintiff does not allege any facts regarding the alleged wire fraud. For example, the Complaint alleges that the Defendant "purposefully induced numerous clients," *see* (Dkt. #1-1), but this conclusory statement does not provide any facts to support the *means* used to commit the alleged wire fraud. *See* 18 U.S.C. § 1343 (wire fraud is accomplished "by means of wire, radio, or television communication"). Plaintiff's RICO claim fails because it does not meet Rule 9(b)'s heightened pleading standard.

Most importantly, the Complaint fails to allege an enterprise that is separate and distinct from the Defendant. To state a valid claim, RICO plaintiffs must allege a defendant—a "person" or "persons"—who is *distinct* from the "enterprise" whose business the defendant conducted. 18 U.S.C. § 1962(c). *Wagh v. Metris Direct, Inc.*, 363 F.3d 821 (9th Cir. 2003).[4] "In other words, a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant or 'person' as an individual cannot associate or conspire with himself." *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090 (N.D. Cal. 2006) (quoting *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992) (internal quotation omitted). Here, Plaintiff fails to identify an enterprise distinct from the Defendant. Although he alleges doe and

[4] The Act defines an "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," and a "person" includes "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3)–(4).

roe defendants, the Complaint does not allege facts to show that these unidentified defendants constitute the requisite enterprise. Plaintiff also did not assert facts that could implicitly identify the unknown defendants. Thus, the Complaint does not plead with particularity the acts or roles of such doe and roe defendants. Since the Defendant could not constitute both the "person" and the "enterprise" as a matter of law, the Complaint fails to meet Rule 9's requirement of pleading RICO claims with particularity. For these reasons, Plaintiff fails to state a valid RICO claim upon which relief could be granted.

**2. *Diversity Jurisdiction***

The remaining claims in the Complaint are state law claims, including breach of contract; breach of duty of good faith and fair dealing; fraud; intentional interference with contractual relations; breach of fiduciary duty; and abuse of process. Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as another claim properly before the Court. 28 U.S.C. § 1367(a). Because Plaintiff has failed to state a valid claim to establish federal question subject matter jurisdiction Plaintiff must establish diversity jurisdiction for the state law claims. He cannot do so, even if he were given leave to amend.

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010). For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Under 28 U.S.C. § 1441(b), diversity jurisdiction is also confined to instances where no defendant is a citizen of the forum state. *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (discussing the so-called forum defendant rule).

Here, the Complaint fails to establish diversity jurisdiction because the face of the complaint expressly alleges that Plaintiff and the Defendant are both citizens of Nevada. *See* Complaint (Dkt. #1-1) at 3 (alleging Plaintiff is a citizen of the United States and resides in Clark

County) and at 4 (alleging that Defendant resides and conducts business in Henderson, Nevada). Additionally, although Plaintiff seeks $180,000 in damages his contract dispute with the Defendant involves $3,600. For these reasons, Plaintiff cannot invoke this Court's diversity jurisdiction over his claims arising under state law.

**3. *Futility of Amendment***

Lastly, the Court finds that the jurisdictional defects in the Complaint cannot be cured by the allegation of additional facts. *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014) (affirming district court's finding that amendment could not cure the deficient pleading even though plaintiffs had not previously received leave to amend). Dismissal with prejudice is appropriate where amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (discussing the factors for consideration in deciding whether to dismiss with prejudice). Amendment would be futile where no colorable grounds exist to support a federal claim and the claim would not be sufficient to withstand a motion to dismiss or a motion for summary judgment. *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987). Although leave to amend is liberally granted, it is clear that Plaintiff cannot state a basis for federal subject matter jurisdiction based on his breach of contract and related state claims. Plaintiff and Defendant are both Nevada residents. The court lacks federal question and diversity jurisdiction.

For these reasons,

**IT IS ORDERED**:

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. #1) is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint but shall not issue summons.

/ / /

**IT IS FURTHER RECOMMENDED** that this action be DISMISSED with prejudice.

Dated this 19th day of May, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.