UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES R. BROWN, | Case No. 2:15-cv-00331-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | (Emergency Mtn Seeking to Enforce Settlement – Dkt. #2) |
| ROBERT R. BETTINGER, ESQ., DOES 1-100, ROE CORP/LLCS 1-100, | |
| Defendants. | |

This matter is before the court on Plaintiff Charles R. Brown's Emergency *Ex Parte* Motion Seeking Action by No Later than February 28, 2015 to Enforce Settlement Agreement (Dkt. #2) (the "Motion"). Plaintiff is proceeding in this action *pro se* and has received authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

**I.    BACKGROUND**

Plaintiff submitted his Complaint (Dkt. #1-1) on February 25, 2015, alleging that Defendant Robert R. Bettinger, Esq. retained Plaintiff in March 2013 to provide certain personal services as an independent contractor, including, but not limited to, "law clerk, legal assistant and/or administrative services." *Id*. at 5. Plaintiff alleges that he performed over 3,000 hours of work for Defendant but was not fully compensated. The parties purportedly reached an accord on monthly payments to satisfy the existing amounts due, and Plaintiff continued to provide services to Defendant. The Defendant later terminated Plaintiff's services and agreed to a settlement in which Defendant would pay Plaintiff $3,600 in two separate payments of $1,600 and $2,000. *See* Motion (Dkt. #2) at 7–8. However, Defendant failed to make those payments. *Id*. at 8.

The Complaint alleges the following claims against Defendant: (1) Violation of 18 U.S.C. § 1343 – Fraud by Wire; (2) Violation of U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*; (3) Breach of Contract; (4) Breach of Duty of Good Faith and Fair Dealing; (5) Fraud; (6) Intentional Interference With Contractual Relations; (7) Breach of Fiduciary Duty; (8) Abuse of Process; (9) Fraud; (10) Intentional Interference With Contractual Relations. Plaintiff seeks $180,000 in damages.

In a separate Order and Report of Findings and Recommendation the court granted Plaintiff's Application to Proceed In Forma Pauperis but recommended that the district judge dismiss the Complaint because it fails to state a federal claim upon which relief can be granted and diversity jurisdiction does not exist. Additionally, because no cognizable federal claim exists, the Court lacks supplemental jurisdiction over the remainder of Plaintiff's claims arising under state law. Likewise, for the reasons stated below, the Court lacks ancillary jurisdiction to enforce a purported settlement agreement between the parties.

**II.**   **PLAINTIFF'S MOTION**

   **A.**   **Ex Parte and Emergency Relief**

As a preliminary matter, the Court finds that Plaintiff's Motion was not appropriately designated *ex parte* or emergency. Local Rule 7-5 sets forth requirements for both ex parte and emergency motions:

> (a) *Ex Parte* Definition. An *ex parte* motion or application is a motion or application that is filed with the Court, but is not served upon the opposing or other parties.
> (b) All *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties.
> (c) Motions, applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions.
> (d) Written requests for judicial assistance in resolving an emergency dispute shall be entitled "Emergency Motion" and be accompanied by an affidavit setting forth:
>> (1) The nature of the emergency;
>> (2) The office addresses and telephone numbers of movant and all affected parties; and,
>> (3) A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement also must

> state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded. It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

Here, the Motion did not set forth a statement showing good cause why the Court should consider this matter without providing the Defendant with notice or an opportunity to respond. Although Plaintiff submitted a declaration in support of the Motion, Plaintiff did not indicate any of the information LR 7-5(d) requires. Therefore, the Court denies Plaintiff's requests for *ex parte* and emergency relief for a failure to comply with Local Rule LR 7-5.

### B.   Enforcement of the Parties' Alleged Settlement Agreement

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Applying this restriction, the Supreme Court has clearly instructed that enforcement of a settlement agreement "requires its own basis for jurisdiction." *Id.* at 378 (parties who reach settlement in a federal action must expressly agree that the court retain jurisdiction for the purpose of oversight and enforcement). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Even where subject matter jurisdiction is satisfied in the original action," a district court must identify a jurisdictional basis to enforce a settlement agreement before it "may interpret and apply its own judgment to the future conduct contemplated" in the agreement. *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 841 (9th Cir. 2005) (citation omitted). The plaintiff bears the burden of proving that his case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

When jurisdiction is satisfied, the court may exercise its equitable power to enforce a settlement agreement executed by the litigants during the pendency of their litigation. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995). The court's equitable power to

1  summarily enforce a settlement agreement derives from the nature of the relief sought. *Cf.*
2  *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). A motion to enforce a
3  settlement agreement is essentially an action to specifically enforce a contract, and "[a]n action
4  for specific performance without a claim for damages is purely equitable." *Id*. (quoting *Owens–*
5  *Illinois, Inc. v. Lake Shore Land Co*., 610 F.2d 1185, 1189 (3d Cir. 1979)). However, a district
6  court may not exercise its equitable powers to summarily enforce a settlement "where material
7  facts are in dispute." *In re City Equities Anaheim*, 22 F.3d at 958.

8  Plaintiff asks this Court to immediately enforce a purported settlement agreement and
9  order Defendant to remit a cashier's check for $3,500.00 along with insurance information
10 related to Defendants E&O policy. Motion (Dkt. #2) at 10. Plaintiff bases his request on the
11 Court's "inherit authority" because "the matter as a whole" is pending before this Court. *Id*. at
12 7–8. Plaintiff's request fails for two reasons. First, Plaintiff has not established a jurisdictional
13 basis for enforcement of the settlement agreement. Although Plaintiff asserts that the Court can
14 enforce the settlement agreement as an exercise of its inherent authority, the Supreme Court has
15 expressly held that the Court may not unless there is an independent basis for jurisdiction—even
16 when the underlying action was properly in federal court.[1] *See Kokkonen*, 511 U.S. at 377–78.
17 Plaintiff's Motion has not provided a valid jurisdictional basis for enforcement of the settlement
18 agreement, therefore, the Court cannot grant the relief he requests.

19 Second, Plaintiff erroneously concludes that the Court's equitable power to summarily
20 enforce certain settlements extends to a settlement agreement the parties purportedly executed
21 *before* the litigation was initiated. It does not. The Court may only enforce a settlement
22 agreement that the litigants execute while under the Court's supervision to resolve the dispute
23 therein. *See In re City Equities Anaheim*, 22 F.3d at 958. In this case, Plaintiff alleges that the
24 parties negotiated and entered into the settlement in January 2015, which was the month before
25 he submitted the Complaint. Thus, the parties did not enter into the alleged settlement agreement
26 while under this Court's supervision—they did so prior to Plaintiff initiating this action. The

---

[1] As noted above, this Court has already determined that the Complaint is not properly in federal court. *See* Order and Report of Findings and Recommendation.

1  timing also demonstrates that the parties could not have entered into the settlement to resolve a
2  lawsuit that Plaintiff had not yet filed.  In addition, Plaintiff asserts numerous contract-based
3  claims against Defendant and seeks monetary damages.  These are not the types of claims or
4  requests for relief that authorize the Court to use its equitable power.  The weight of authority
5  holds that the exercise of equitable power under these circumstances may violate the Defendant's
6  Seventh Amendment right to a jury trial.  *See* U.S. Const. amend. VII; *Adams*, 876 F.2d at 709.
7  The Court therefore lacks equitable power to enforce the alleged settlement agreement between
8  the parties and the Motion will be denied.

9  Accordingly,

10  **IT IS ORDERED** that Plaintiff Charles R. Brown's Emergency Ex Parte Motion
11  Seeking Action by No Later than February 28, 2015 to Enforce Settlement Agreement (Dkt. #2)
12  is DENIED.

13  Dated this 18th day of May, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE